SIMPLEX ENGINEERING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15548, 22667, 29560, 40643. Promulgated September 26, 1929.

*W. D. McBryar*, *Esq.*, for the petitioner.
*E. C. Lake*, *Esq.*, and *P. L. Updike*, *Esq.*, for the respondent.

OPINION.

PHILLIPS: The petitioner claims that the Commissioner erroneously refused to allow any deduction for depreciation of a certain patent and patent application acquired in payment for $90,000 par value of its capital stock. It takes the position that this patent and the patent application had a value of at least $90,000 when paid in, that this represents the cost of the patent to the petitioner and that it is entitled to depreciation on this basis. The Commissioner now concedes that the patent had value but urges that the cost did not exceed $22,500. Before petitioner was organized Thompson, the patentee, had arranged with two individuals, Affill and Hazelton, to become interested in the company and to aid in the promotion and financing of the patent. For their services they were to receive, and did receive, one-half of the stock which was issued for the patent. The assurance of this backing gave to the stock of the company, when issued, a value greater than would have been the case had it received only the patent. The evidence establishes that the patent, so promoted and financed, had a value of at least $90,000 and that the stock of the company, when issued for the patent, was worth par. While the transaction between Thompson and the petitioner took the form of an issue of $90,000 par value of the stock for the patent, the dealings between the individuals establish that in their opinion one-half of the value of the stock lay in the patent and the other half in the arrangements for its promotion and financing. In substance and effect, one-half of the stock was issued to Thompson for the patent and one-half to these others for the services which they undertook to perform. We are of the opinion that in such circumstances the cost of the patent and the patent application, for the purpose of computing an allowance for exhaustion, was $45,000.

At the time the patent was acquired on August 12, 1918, six months of its life had run. The assignment to the petitioner for its stock included not only this patent but an application for a patent covering

other features of the same type of leer. There is no basis on which to separate the cost of the patent from the cost of the application or on which to compute separate depreciation on each. They both relate to the same type of leer and apparently would give the petitioner a monopoly until after the expiration of the patent later granted upon the application. In these circumstances we are of the opinion that during the years here involved, an allowance of one-seventeenth of the cost would represent a reasonable allowance for exhaustion.

Petitioner also alleges that it is entitled to include in invested capital for 1921, the value of the patent when acquired, less exhaustion during the intervening years. Petitioner falls within the provisions of section 331 of the Revenue Act of 1921 and can not include the patent at a greater value than its cost to Thompson. The only cost established was $150. The invested capital should be adjusted accordingly.

Reviewed by the Board.

*Decision will be entered under Rule 50.*